WILLIAM L. PETERSON *v.* MARY A. TITCOMB, defendant, and HENRY SMITH, Garnishee.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JULY 2, 1898.            DECIDED JULY 15, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A trustee under a private trust may be held as garnishee as to funds the payment of which to the *cestui que trust* is not subject to any contingency or restricted to special purposes or discretionary with the trustee.

OPINION OF THE COURT BY FREAR. J.

The only question raised on these exceptions is whether the garnishee is liable. The garnishee as trustee under the will of Chas. Titcomb, deceased, held $1000 in trust to pay the income thereof to the defendant, Mary A. Titcomb, during her life. This fund was invested in a loan made in July, 1897, the first payment of interest to be made the following January. The case was begun in September and tried in October, 1897, in the District Court, and was tried on appeal in the Circuit Court, jury waived, in March, 1898. The Circuit Court found that prior to the garnishment the garnishee had in his possession certain accrued interest but found also that he had not filed an annual account in the Probate Court, and discharged him on the ground that a trustee could not be held as garnishee until his annual account had been filed and adjusted. In our opinion this was error. The income was payable to the defendant as it accrued and she could recover it from the trustee without waiting

for an annual accounting. It was therefore subject to garnishment. *Park v. Matthews*, 36 Pa. St. 28. The case of a trustee under a private trust is not like that of an executor or administrator; nor in this case was there any specific trust the purposes of which would be defeated by the garnishment; nor was there any discretionary power in the trustee inconsistent with the enforcement of the garnishment; nor was the payment of the accrued income subject to any contingency. See 2 Wade, Attach, Secs. 424, 426, 428. Of course the trustee would be entitled to deduct from the accrued income in his possession any proper expenses or commissions which he would be entitled to deduct in case he were sued by the *cestui que trust*.

As to the interest or income to accrue in January, 1898, that is, after the trial in the District Court and before the trial on appeal, for the six months which began before the garnishment, there was no liability. For, assuming that garnishment creates a lien upon debts owing but not due and that interest is owing while accruing and before due, yet in this case the debt was not owing, that is, by the garnishee to the defendant. It was at most at the time of the garnishment owing by a third person to the garnishee. Nor could the garnishment have a continuing operation so as to hold the interest when it became payable and perhaps was paid to the trustee afterwards.

The exceptions are sustained and a new trial is ordered as to accrued income in the hands of the garnishee at the date of the garnishment.

*C. F. Peterson* for plaintiff.

Garnishee in person.